**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GLEN RYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-3527 |
| | ) | |
| JBM GOLF PROPERTIES LLC d/b/a | ) | |
| MISTWOOD GOLF CLUB, | ) | |
| | ) | **Jury Trial Requested** |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, GLEN RYAN ("Plaintiff"), by and through his attorneys, Faccenda Law Group LLC, and for his Complaint against the Defendant, JBM GOLF PROPERTIES LLC d/b/a MISTWOOD GOLF CLUB ("Defendant"), states as follows:

**NATURE OF ACTION**

1.     Plaintiff brings this action pursuant to The Americans With Disabilities Act (the "ADA") 42 U.S.C. §2000(e) *et. seq*., seeking to redress the Defendant's unlawful employment practices on the basis of disability and in retaliation for Plaintiff making complaints of discrimination under the ADA.

**JURISDICTION AND VENUE**

2.     This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which states that federal courts have primary jurisdiction over actions that arise under the laws of the United States.

3.     Venue lies in the Northern District of Illinois in that Plaintiff is a resident of this District, Defendant is engaged in business in this District, and the events giving rise to the claims alleged in this Complaint occurred in this District.

**PARTIES**

4.     Plaintiff, Glen Ryan, is an individual residing in Will County, Illinois, who was employed as a Banquet Manager at the Defendant's golf club between October of 2015 and June of 2016.

5.     Defendant JBM Golf Properties LLC d/b/a Mistwood Golf Club, owns and operates a golf club, Mistwood Golf Club ("Mistwood"), and is an Illinois limited liability company formed in the state of Illinois, qualified and doing business in Illinois, including in Will County, Illinois.

6.     At all relevant times, the Defendant had more than fifteen (15) employees in Illinois and was an "Employer" as defined by the ADA.

7.     At all relevant times, Plaintiff was qualified to perform his job duties with the Defendant. At all relevant times, Plaintiff satisfactorily performed his job duties with the Defendant.

8.     In 2015 and 2016, Plaintiff was employed by the Defendant and was an employee within the meaning of the ADA.

**PROCEDURAL BACKGROUND**

9.     On September 9, 2016, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination as well as retaliation. A true and correct copy of that Charge is attached hereto as Exhibit A.

10.    On February 21, 2017, the EEOC issued Plaintiff a Notice of Right to Sue entitling him to institute a civil action within ninety (90) days of the date of receipt of said Notice. A true and correct copy of that Notice is attached hereto as Exhibit B.

11.    Plaintiff has filed this lawsuit within ninety (90) days of receiving the EEOC Notice of Right to Sue. Plaintiff has fulfilled all conditions precedent to the institution of his lawsuit under the ADA.

**FACTS**

12.    Plaintiff began working for Defendant on or about October 12, 2015 as a banquet manager at its golf club located in Romeoville, Illinois.

13.    Plaintiff's duties as Banquet Manager never included any physical activity beyond the need to be present in the supervision of his banquet staff

**Plaintiff's Heart Condition**

14.    Prior to beginning his position at Mistwood, Plaintiff had experienced a series of chronic cardiac problems.

15.    Plaintiff's superiors at Mistwood have been aware of this physical condition since the early stages of his employment.

16.    In December of 2015, Mr. Ryan was admitted to Edward Hospital to have two coronary stents placed in his heart. Following placement of these stents, Plaintiff's doctor, Dr. Mark Goodwin, authored a return to work progress note ("12/19/15 note") directing that he abstain from lifting anything and for light duty. Plaintiff informed his direct supervisor, Jim Koklas ("Koklas"), Mistwood's Food & Beverage Director, Diane Cook ("Cook"), Mistwood's Sales Director, and Dan Bradley ("Bradley"), Mistwood's General Manager, of his medical limitations. Plaintiff's supervisors were also given a

copy of the 12/19/15 note detailing Plaintiff's need for reasonable accommodations to his cardiac condition.

**Harassment and Discrimination**

17.　Shortly after Plaintiff returned to work on December 22, 2015, Koklas' treatment of Plaintiff changed dramatically. Despite Plaintiff's health complications and limitations, Koklas treated Plaintiff as though he were a much healthier man, often ordering Plaintiff to perform rigorous physical activities including lifting boxes and other items well in excess of 10 pounds, and in violation of Plaintiff's 12/19/15 note.

18.　Koklas also bullied and harassed Plaintiff on an almost daily basis, yelling at Plaintiff because he could not move faster or lift heavier objects. None of this type of treatment occurred prior to Plaintiff's December 2015 cardiac treatment. This harassment was witnessed by many co-workers at Mistwood. Moreover, Koklas' harassment and bullying seemed to intensify when Bradley was on vacation.

19.　On March 19, 2016, this treatment had near tragic consequences. Koklas yelled and bullied the Plaintiff to the point that Plaintiff suffered a cardiac event which resulted in his loss of consciousness and transport by ambulance to St. Joseph's hospital in Joliet, Illinois.

20.　Plaintiff's March 19, 2016 heart complication was a direct result of Koklas' harassment of Plaintiff based on his disability.

21.　Cook witnessed Plaintiff's heart complication and contacted his wife when he was taken to the hospital.

22.　As a result of this cardiac event Plaintiff again needed a procedure to implant a coronary stent on March 21, 2016. Following this episode, Dr. Goodwin again

4

continued his 12/29/15 note orders, which he never discontinued up to this date, that Plaintiff not lift anything and that he follow a light duty course of employment.

23.     Remarkably, Plaintiff returned to work not even a week later on March 25, 2016.

24.     Despite Plaintiff's new cardiac complications, however, Koklas was soon back to his same behaviors, bullying and harassing Plaintiff and requiring him to do lifting and other physical activities Dr. Goodwin ordered against, and causing Plaintiff great mental and physical stress.

25.     During a staff meeting not long after his March medical emergency, Plaintiff remarked that he wanted to hire a number of retirees from the nearby retirement community to do part time physical labor tasks at Mistwood, to which Koklas remarked, in front of a full room of people, "make sure their healthy and they don't drop dead." This comment was an obvious reference to Plaintiff's disability, and clearly demonstrates Koklas' insensitive and discriminatory attitude toward Plaintiff and those with similar disabilities.

26.     Approximately one week before Plaintiff's termination on June 28, 2016, Plaintiff and Koklas were alone in the basement of Mistwood retrieving a case of champagne for the banquet bar. When Plaintiff located the case of champagne he asked Koklas for help lifting it, to which Koklas replied, "If I had your problems, I would be looking for something else." Plaintiff was so shocked by Koklas' remark that he could not even think of an adequate reply.

27.     Throughout the period of December 2015 until Plaintiff's termination in June of 2016, Koklas treated Plaintiff's co-workers, both restaurant managers, in an

entirely different fashion than how he treated Plaintiff. Koklas was very friendly and not at all confrontational toward Nikki Dow and Jim T. Moreover, Koklas never became angry at either of them as he did with Plaintiff.

### Plaintiff Appeals for Help from Management

28.     Throughout this period of time, Plaintiff often complained to both Cook and Bradley about Koklas' treatment of him. Plaintiff implored Bradley to instruct Koklas to abide by Plaintiff's medical limitations and to not harass him. Plaintiff's complaints, however, were ignored and Koklas' behavior toward him did not improve. On the contrary, Koklas continued to demand that Plaintiff do much heavy lifting, and never offered help or assistance to Plaintiff. When Plaintiff would often cite his health limitations, Koklas would grimace sarcastically and then ignore his requests.

29.     Following his December 2015 hospitalization up and until his termination on June 28, 2016, Plaintiff repeatedly asked Bradley to hire more help to assist with the physical activities. Bradley failed to do so, and in fact terminated the few part-time employees that were hired to help with physical activities, and failed to hire replacements. When Plaintiff would ask Koklas to make new hires, Koklas would simply grunt and tell Plaintiff that he needed to do the lifting that was required.

30.     On June 28, 2016, Bradley and Koklas terminated Defendant just days after Koklas remarked to Plaintiff that "If I had your problems, I would be looking for something else."

31.     Because of the Defendant's conduct, Plaintiff has suffered loss of wages and benefits, as well as severe emotional distress, and other damages.

## COUNT I
## ADA- Disparate Treatment/Termination

32. Plaintiff realleges paragraphs 1 through 31 of this Complaint as and for this ¶32 as though fully set forth herein.

33. At all times relevant hereto, Plaintiff was an individual with a "disability" and/or was considered to have a "disability," as that term is defined in the ADA, in that he suffered from severe coronary disease.

34. Plaintiff had a physical or mental impairment that substantially limited one or more of his major life activities, including his ability to stand for extended periods of time and to lift objects of a certain weight, had a record of such impairment, and/or was regarded as having such an impairment. Plaintiff was qualified to perform the essential functions of his job as Banquet Manager with or without a reasonable accommodation.

35. Plaintiff's similarly-situated employees who were not regarded as having a disability were treated more favorably than Plaintiff, as they were not harassed, bullied or terminated because of their disability.

36. The Defendant terminated Plaintiff because of his disability.

37. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered great mental anguish, humiliation, degradation, emotional distress, pain and suffering, inconvenience, financial crisis, lost wages and benefits, future pecuniary losses and other consequential damages.

WHEREFORE, Plaintiff prays that this Court:

A. Enter judgment in favor of Plaintiff and against the Defendant for violation of Plaintiff's rights under the ADA:

B.     Declare that the actions of the Defendant were discriminatory;

C.     Award Plaintiff compensatory damages, including, but not limited to, lost wages and other benefits, in such amount as will reasonably compensate him for his losses, and damages for emotional distress;

D.     Award Plaintiff punitive damages in such amount as the Court deems proper;

E.     Award Plaintiff his costs, attorneys' fees and non-taxable expenses in this action, and

F.     Grant Plaintiff such other and further relief as the Court deems equitable and just.

## COUNT II
### Violation of the ADA- Failure to Accommodate/Termination

38.     Plaintiff realleges paragraphs 1 through 37 of this Complaint as and for this ¶38 as though fully set forth herein.

39.     At all times relevant hereto, Plaintiff was an individual with a "disability" and/or was considered to have a "disability," as that term is defined in the ADA, in that he suffered from chronic cardiac disease.

40.     Plaintiff had a physical or mental impairment that substantially limited one or more of his major life activities, including his ability to stand for extended periods of time and to lift objects of a certain weight, had a record of such impairment, and/or was regarded as having such an impairment. Plaintiff was qualified to perform the essential functions of his job as a Banquet Manager with or without a reasonable accommodation.

41.     The ADA prohibits an employer from discriminating against an individual based upon (amongst other things) his disability.

42.     The ADA requires an employer to provide reasonable accommodations to its disabled employees.

43.     Following his December 2015 hospitalization, and up and until his termination on June 28, 2016, Plaintiff made periodic requests for reasonable accommodations in the form of a physician's medical limitations notes, thereby asking the Defendant to make reasonable accommodations to his disability.

44.     The Defendant refused these requests throughout this period, requiring Plaintiff to lift items in contravention to his restrictions, and failing to provide assistance to him when requested, and ultimately when they terminated Plaintiff on June 28, 2016.

45.     Plaintiff's requested accommodations were reasonable and would not have been unduly burdensome for the Defendant, and could have been accommodated but for Defendant's bad faith.

46.     As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered great mental anguish, humiliation, degradation, emotional distress, pain and suffering, inconvenience, financial crisis, lost wages and benefits, future pecuniary losses and other consequential damages.

WHEREFORE, Plaintiff prays that this Court:

A.     Enter judgment in favor of Plaintiff and against the Defendants for violation of Plaintiff's rights under The Americans With Disabilities Act;

B.     Declare that the actions of the Defendants were discriminatory;

9

C.     Award Plaintiff compensatory damages, including, but not limited to, lost wages and other benefits, in such amount as will reasonably compensate him for his losses, and damages for emotional distress;

D.     Award Plaintiff punitive damages in such amount as the Court deems proper;

E.     Award Plaintiff his costs, attorneys' fees and non-taxable expenses in this action, and

F.     Grant Plaintiff such other and further relief as the Court deems equitable and just.

## COUNT III
### ADA/Hostile Work Environment

47.     Plaintiff realleges paragraphs 1 through 46 of this Complaint as and for this ¶47 as though fully set forth herein.

48.     At all times relevant hereto, Plaintiff was an individual with a "disability" and/or was considered to have a "disability," as that term is defined in the ADA, in that she suffered from acute lumbar strain and ultimately lumbar facet arthropathy.

49.     Plaintiff had a physical or mental impairment that substantially limited one or more of his major life activities, including his ability to stand for extended periods of time and to lift objects of a certain weight ability to walk, had a record of such impairment, and/or was regarded as having such an impairment. Plaintiff was qualified to perform the essential functions of his job as a Banquet Manager with or without a reasonable accommodation.

50.     Beginning in December of 2015 and continuing until his termination on June 28, 2016, Plaintiff was subjected to unwelcome harassment based on his disability.

Such harassment was so frequent and severe that it created a hostile or offensive work environment and interfered with Plaintiff's work with clients and overall duties.

51.     Beginning in December of 2015 and continuing until his termination on June 28, 2016, Plaintiff's supervisor Koklas consistently harassed Plaintiff because of his disability, remarking that Plaintiff was "too slow," and "if I had your problems, I would be looking for something else." More disturbingly, Koklas yelled and berated Plaintiff so badly because of his disability that he caused a cardiac complication in March of 2016 that nearly killed Plaintiff and required emergency cardiac treatment. These interactions with Koklas often left Plaintiff in an exceedingly stressed state that put further physical and mental strain on him.

52.     Plaintiff perceived the workplace as hostile, and any reasonable person would perceive the workplace as hostile.

53.     Plaintiff complained to Cook and Bradley about Koklas' hostile actions, but neither Cook nor Bradley did anything to stop Koklas' hostile actions toward Plaintiff.

54.     As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered great mental anguish, humiliation, degradation, emotional distress, pain and suffering, inconvenience, financial crisis, lost wages and benefits, future pecuniary losses and other consequential damages.

WHEREFORE, Plaintiff prays that this Court:

A.     Enter judgment in favor of Plaintiff and against the Defendants for violation of Plaintiff's rights under the ADA:

B.      Declare that the actions of the Defendants were discriminatory;

C.      Award Plaintiff compensatory damages, including, but not limited to, lost wages and other benefits, in such amount as will reasonably compensate him for his losses, and damages for emotional distress;

D.      Award Plaintiff punitive damages in such amount as the Court deems proper;

E.      Award Plaintiff his costs, attorneys' fees and non-taxable expenses in this action, and

F.      Grant Plaintiff such other and further relief as the Court deems equitable and just.

## COUNT IV
### Retaliation in Violation of the ADA

55.      Plaintiff realleges paragraphs 1 through 54 of this Complaint as and for this ¶55 as though fully set forth herein.

56.      At all times relevant hereto, Plaintiff was an individual with a "disability" and/or was considered to have a "disability," as that term is defined in the ADA, in that she suffered from acute lumbar strain and ultimately lumbar facet arthropathy.

57.      Plaintiff had a physical or mental impairment that substantially limited one or more of his major life activities, including his ability to stand for extended periods of time and to lift objects of a certain weight, had a record of such impairment, and/or was regarded as having such an impairment. Plaintiff was qualified to perform the essential functions of his job as a Banquet Manager with or without a reasonable accommodation.

58.      Plaintiff requested reasonable accommodations to his disability, and reported the disability harassment by his supervisor Koklas to supervisors, following

which Defendant retaliated against him by terminating him after he made these requests and reported this harassment.

WHEREFORE, Plaintiff prays that this Court:

A       Enter judgment in favor of Plaintiff and against the Defendant for violation of Plaintiff's rights under the ADA;

B.      Declare that the actions of the Defendant were discriminatory;

C.      Award Plaintiff compensatory damages, including, but not limited to, lost wages and other benefits, in such amount as will reasonably compensate him for his losses, and damages for emotional distress;

D.      Award Plaintiff punitive damages in such amount as the Court deems proper;

E.      Award Plaintiff his costs, attorneys' fees and non-taxable expenses in this action, and

F.      Grant Plaintiff such other and further relief as the Court deems equitable and just.

<u>JURY DEMAND</u>

Plaintiff hereby demands trial by jury on all issues herein.

Respectfully submitted,<br>
GLEN RYAN

By: /s/ Michael A. Faccenda<br>
One of His Attorneys

Michael A. Faccenda
Faccenda Law Group LLC
901 West Hillgrove Avenue
La Grange, IL 60525
Tel: (708) 497-3077
maf@connorsfaccenda.com
ARDC # 6239317

# EXHIBITS

# CHARGE OF DISCRIMINATION

| | CHARGE NUMBER |
|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA    ☒ EEOC    440-2016-05918 |

and EEOC

| *State or local Agency, if any* | *S.S. No.* |
|---|---|

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Glen Ryan | 815-212-3459 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 16607 South Windsor Lane | Lockport, Illinois 60441 | 6/21/62 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| JBM Golf Properties LLC (Mistwood Golf Club) | +100 | 815-254-3333 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1700 Renwick Road | Romeoville, Illinois 60446 | Will |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ AGE <br> ☒ RETALIATION ☐ NATIONAL ORIGIN ☒ DISABILITY ☐ OTHER *(Specify)* | EARLIEST (ADEA/EPA)    LATEST (ALL) <br> April 5, 2016    June, 28, 2016 <br><br> ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I requested a reasonable accommodation for my disability, cardiovascular disease, of no lifting in excess of 10 pounds, which was routinely ignored and denied on multiple occasions by my superiors.

In addition, I was continually harassed on account of my disability by my direct supervisor, and eventually terminated because of my disability.

Finally, my termination was in retaliation for my complaints regarding the disability discrimination I suffered at the hands of my supervisor.

RECEIVED EEOC

SEP 09 2016

CHICAGO DISTRICT OFFICE

EXHIBIT
A

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| 9/7/16     *Glen Ryan* <br> Date    Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE <br> (Day, month, and year) |

EEOC Form 161 (11/16)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Glen Ryan<br>C/o Michael Faccenda, Esq.<br>Faccenda Law Group<br>901 West Hillgrove Ave<br>La Grange, IL 60525 | From: **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2000**<br>**Chicago, IL 60661** |
|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2016-05918 | Mark E. Leff,<br>Investigator | (312) 869-8176 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Julianne Bowman_    2/21/17

Enclosures(s)

**Julianne Bowman,**
**District Director**
(Date Mailed)

cc: **JBM Golf Properties LLC**
**C/o James A. Christman, Esq.**
**Steptoe & Johnson LLP**
**115 S. LaSalle St.**
**Suite 3100**
**Chicago, IL 60603**

EXHIBIT
B